IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WATERFORD MANOR PROVENCE REAL ESTATE,[1] | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:18-cv-3065-AT-JKL |
| CRYSTAL S. SUTTON, | |
| Defendant. | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Crystal S. Sutton's application for leave to proceed *in forma pauperis* ("IFP") on her notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering Sutton's application, I find that she meets the requirements for IFP status and **GRANT** her request to proceed IFP pursuant to 28 U.S.C. § 1915(a). Nevertheless, this Court does not have subject matter jurisdiction over the removal action. I therefore

---

[1] In the caption, Plaintiff Waterford Manor Provence Real Estate's name is misidentified as "Waterford Manor Providence Real Estate." The Clerk is **DIRECTED** to correct the spelling of Plaintiff's name.

**RECOMMEND** that this case be **REMANDED** to the Magistrate Court of DeKalb County.

In the underlying dispossessory action, Plaintiff Waterford Manor Provence Real Estate ("Waterford Manor") alleged that Sutton failed to pay the rent for leased premises in DeKalb County. [Doc. 1-1 at 6.] Waterford Manor demanded possession of the premises, past due rent of $659 for the month of May 2018, current rent accruing at a rate of $659 each month, and various fees and utilities. [*Id.*]

In her Petition for Removal, Sutton argues that the state court eviction proceeding has violated her Fourteenth Amendment right to due process because service was defective. [Doc. 1-1 at 4.] She further argues that the proceeding violates the Fair Debt Collection Practices Act and the Uniform Commercial Code and the dispossessory complaint fails to state a claim upon which relief may be granted. [*Id.* at 2, 4.] Finally, she argues that the Court has jurisdiction over the state proceeding because she has an open bankruptcy case. [*Id.* at 4.]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C.

§ 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 6.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Sutton now wishes to assert counterclaims or defenses based on federal law, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction. *See Anderson*, 529 U.S. at 6.

It is also clear that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). Sutton appears to be a Georgia citizen and therefore cannot remove the dispossessory case—filed in state court in Georgia—to federal court. 28 U.S.C. § 1441(b)(2). In any event, the dispossessory claim against Sutton cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a), and the demand for money damages in the complaint was well below the $75,000 threshold in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010)

(holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Thus, the amount in controversy requirement in § 1332(a) is not met. *See* 28 U.S.C. § 1332(a).

To the extent that Sutton relies on 28 U.S.C. § 1443(1), that provision does not provide a basis for removal of the state dispossessory action to this Court. Section 1443(1) provides that a defendant may remove a case initiated in state court if he or she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under § 1443(1) must show that the right on which the defendant relies arises under federal law "providing for specific civil rights stated in terms of racial equality," and the defendant has been denied or cannot enforce that right in state court. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). Sutton asserts that the eviction proceedings are violating her Fourteenth Amendment rights, but that assertion cannot support a claim for removal because § 1443(1) only applies to "specific civil rights stated in terms of racial equality." *See Conley*, 245 F.3d at 1295; *see also id.* at 1295-96 ("[A] defendant's right to a fair trial and equal

protection of the laws . . . do[es] not arise from legislation providing for specific civil rights in terms of racial equality[.]  Therefore, to the extent [that petitioner] relies upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)." (quotation omitted)).

Finally, despite Sutton assertion that she has a bankruptcy case pending in this District, the docket for the U.S. Bankruptcy Court for the Northern District of Georgia does not reveal that she has filed a bankruptcy petition.  She therefore cannot rely on the Court's jurisdiction over matters "related to" bankruptcy cases. *See* 28 U.S.C. § 1334.

In sum, the Court **GRANTS** Sutton's application for leave to proceed IFP. [Doc. 1.]  Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of DeKalb County.

IT IS SO ORDERED AND RECOMMENDED this 28th day of June, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge